| United States District Court | Southern District of Texas |
|---|---|

| | | |
|---|---|---|
| The United States of America, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| versus | § | Criminal H-10-159 |
| | § | |
| Frankie L. Sanders, | § | |
| | § | |
| Defendant. | § | |

## Opinion on Preemptive Strike

1. *Introduction.*

Frankie Sanders has objected to the government's having struck venireman 13 preemptorily. Sanders says that the loss of venireman 13 deprives him of a jury of his peers selected without a government racial bias. Sanders's objection is overruled.

2. *Background.*

Demographically, Sanders is a black American. Born in Louisiana, he is 47 years old. His career has been with the post office and one of its unions.

The venire had 11 people born in Texas, 16 born in another state, and eight born abroad. It had 17 men and 18 women. It had seven high-school graduates, 19 college graduates, and nine post-baccalaureate graduates. It had eight members of no religion, eight Catholics, three Baptists, 13 Protestants, one Muslim, and one Jew.

From those people, we selected a jury that had eight people born in Texas, five born in another state, and one born abroad. It had seven of each sex. It had five high-school graduates, five college graduates, and four post-baccalaureate graduates. It had five members of no religion, six Catholics, and three Protestants.

Venireman 13 is a 58-year-old, naturalized American who was born in Sierra Leone. He appeared medium tan in complexion. He is a Muslim. After his education at T.S.U., he has worked as a microbiologist.

Sierra Leone is in the upper-west coast of Africa. It is about the size of Maine and lies between Guinea and Liberia. Its population is a wide complex of ethnicities. The people are 60% Muslim, 30% indigenous religion, and 10% Christian. The people range from the descendants of former slaves from Jamaica through Berber-like North Africans to a sprinkling of Europeans and South Asians.

3. *Jury Selection.*

Classification by race, ethnicity, and heritage is always arbitrary and political. The question is whether the court has a reasonable basis to believe that the government is excluding jurors using only a racial criterion.

The government explained that it struck venireman 13 because he had been in a lawsuit. Of the six other veniremen who had been in suits, the government struck two, the defense struck two, one was struck for cause, and one was selected – she had sued only in small claims court.

The court does not appreciate the logic of excluding people who have had experience with civil litigation; however, the function of preemptive strikes is to allow counsel to use their guesses about who might be a good or bad juror – whatever that might mean to them. The guess may be informed by studies in psychology, experience in court, exposure in life, or transmission from the subconscious. As with all governmental actions, however, the prosecution may not use its opportunity for professional hunches to act on hostility to blacks.

The members with court experience whom the government did not strike may have had other, favorable traits. Similarly, Sanders may have struck the one he did for many reasons other than court experience. The preemptive exclusion of a juror cannot become a sub-trial in itself.

4. *Conclusion.*

The government struck venireman 13 because he had been in a lawsuit – not because of his race. Sanders's objection to the government having struck him preemptorily is overruled.

Signed on December 23, 2010, at Houston, Texas.

Lynn N. Hughes
United States District Judge